[Crim. No. 2134. Second Appellate District, Division One.—February 11, 1932.]

THE PEOPLE, Respondent, v. DALE ANDERSON, Appellant.

H. H. Appel, M. M. Chotiner and A. J. Chotiner for Appellant.

U. S. Webb, Attorney-General, Frank Richards, Deputy Attorney-General, Buron Fitts, District Attorney, and Frank Stafford, Deputy District Attorney, for Respondent.

YORK, J.—Upon an information filed by the district attorney, containing four counts, appellant was convicted of the crime of grand theft by way of embezzlement.

Appellant was employed by the California Auto Salon, Ltd., as cashier and bookkeeper from May 1, 1929, to approximately November 20, 1931, during which period she

had exclusive control and custody of cash and checks turned in by salesmen of the company in the conduct of the business of selling automobiles, and was accustomed to deposit same in the bank. It is an undisputed fact that the books were kept by appellant, and that, except for a very few items, the records were wholly in the handwriting of said appellant.

Appellant makes two points upon this appeal: 1. That the books of the California Auto Salon, Ltd., were not admissible in evidence against the defendant. 2. That the court erred in permitting the expert accountant Zeitlen to testify to his deductions and summaries made and arrived at through the documents; instruments not offered in evidence, not produced in court, and not shown to be in the handwriting of the defendant.

In support of her first point, appellant maintains that the one purpose for which the books were offered was to show that defendant did not keep correct books, and to prove that they were falsified for the purpose of enabling her to perpetrate the crime, or for the purpose of embezzlement; and that, under such circumstances, they could not be received in evidence as regular entries made in the course of business; that the presumption of their correctness is destroyed, and they are not offered as proof of the facts recited; citing *People* v. *Blackman,* 127 Cal. 248 [59 Pac. 573, 574].

In the Blackman case it was held that evidence of entries in the books of the corporation of which the defendant was secretary was, under the circumstances of that case, inadmissible to prove the charge of embezzling the funds of said corporation. There, at the time of the trial, the bookkeeper who made the entries was dead, and the books or their contents were allowed to go into the record as evidence of the defendant's guilt without proof having been made that he ever examined the books or that he knew anything of their contents. The court there said: "If there was evidence that the entries were made by the defendant or under his direction, or with his knowledge, they would most undoubtedly be competent and important evidence against him."

We conclude as to appellant's first point, that the books of the company were admissible in evidence against the de-

fendant for the purpose of showing some of the amounts of money received by her.

The system employed by the California Auto Salon, Ltd., was that when a salesman sold an automobile a contract was prepared reciting the amount that was paid in cash and the terms for the balance. Occasionally, options were taken by the purchaser under which a small down payment was taken by the salesman and the balance of the initial payment, or the total purchase price was paid at a later date after his arrangements for such payment had been made by the purchaser. The salesman, in all cases, would take all of the money received and deliver it to appellant, who, would enter on an office copy of the. contract retained, the amount of money actually delivered to her, as cashier, placing thereon the letter "A" in a circle. It was then her duty to enter the amount in the cash-book and deposit that amount in the bank. In each of the four cases where the defendant was charged, the receipt of the money on the office copy of the contract was evidenced by the handwriting and scroll of the defendant, but in each of these four instances, although the cash-book was kept by her, there was no entry made in the cash-book. The auditor Zeitlen in determining the amount of money that should have been deposited by appellant included therein the sums of money shown to have been received by the salesmen and delivered to appellant, as evidenced by her initial "A" in a circle on the office copies of the contracts, even though these amounts were not entered in the cash-book; the theory being that the receipt of the money from the salesman fixed her liability. In other words, the auditor added the total of the cash-book receipts to the amounts shown by the contracts to have been delivered to appellant by the salesmen, and not entered in the cash-book, and then compared this amount with the amount deposited by her in the bank, in order to arrive at the amount of the shortage. His testimony was to this effect: "I only considered option receipts which bore her handwriting. If there was no record of the cash received in her handwriting in the cash book, and the option receipts did bear her handwriting, I took that into consideration."

We are of the opinion that there was no error in permitting the expert accountant to testify concerning the result

of his examination of the documents in question. (Sec. 1855, subd. 5, Code Civ. Proc.)

The judgment and order are affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 25, 1932.